UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60763-CIV-COHN

HOLLYWOOD EAST ARTFUL DESIGNS, INC.
and STEVE WATERFORD,

Magistrate Judge Snow

    Plaintiffs,

vs.

EDWARD GUTENTAG and CRASHCAM
INDUSTRIES CORPORATION,

    Defendants.
_____/

**ORDER GRANTING IN PART MOTION TO DISMISS**
**ORDER GRANTING LEAVE TO AMEND**

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss Pursuant to Rule 8 and Rule 12(b)(6) [DE 2].  The Court has carefully considered the motion, response, and reply thereto, and it otherwise fully advised in the premises.  The Motion became ripe on July 16, 2007.

I.  BACKGROUND

Plaintiffs Hollywood East Arftful Designs, Inc., and its President, Steve Waterford (collectively, "Plaintiffs"), filed this action against Crashcam Industries Corporation and its President, Edward Gutentag (collectively, "Defendants") for breach of an oral contract (Count I), defamation/slander (Count II), defamation/libel (Count III), and tortious interference with business relationships (Count IV).  The action was filed in state court and Defendants removed the case to this Court on diversity grounds.  The Complaint contains 329 numbered paragraphs over 29 pages.  Each Count incorporates by reference the 68 paragraphs of "General Allegations," as well as repeating verbatim

dozens of the same paragraphs.

## II.  DISCUSSION

Defendants have moved to dismiss the Complaint for failure to comply with Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure.  According to Rule 8, each complaint must contain a short and plain statement of the case.  Defendants assert that the length of the Complaint, the wholesale incorporation of 68 general allegation paragraphs, on top of the repetitive nature of dozens of paragraphs contained within each count, violate the notice pleading standard of Rule 8.  Plaintiffs defend the Complaint by stating that the case was filed in state court, wherein Florida courts require fact pleading, in addition to having each count stand alone as a "mini-complaint."

Without disputing Plaintiffs' assertions, even state court requirements could be met without both incorporating by reference all 68 general paragraphs and repeating dozens of these paragraphs in the text of each claim.  Though Defendants accuse Plaintiffs of engaging in impermissible shotgun pleading, the Court recognizes the goals Plaintiffs were trying to accomplish in state court.  However, as currently filed, the fact remains that the Complaint is unduly repetitive to the point of unfairly burdening Defendants' fundamental principles of due process.  <u>Anderson v. District Board of Trustees of Central Florida Community College</u>, 77 F.3d 364, 366-67 (11th Cir. 1996).  Therefore, the Complaint does not comport with Fed.R.Civ.P. 8(a), in that it does not contain a short and plain statement of the claim showing that the pleader is entitled to relief.

Defendants also moved to dismiss the Complaint for failure to state a claim for damages pursuant to Rule 12(b)(6).  Until the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127 S.Ct. 1955 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001).  However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  127 S. Ct. at 1965. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65.  Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

Defendants assert that Plaintiffs cannot allege facts allowing lost profits damages, given the failure to plead that Plaintiff had the capacity to manufacture the invention at issue, and the lack of a quantity figure in the alleged oral contract.  The Court notes that future lost profits may be recovered under Florida law if "(1) the

breaching party caused the loss; and (2) the amount of such damages can be adequately determined by some standard." HGI Associates, Inc. v. Wetmore Printing Company, 427 F.3d 867 (11th Cir. 2005) (see cases cited therein).

In Forest's Mens Shop v. Schmidt, 536 So.2d 334, 336 (Fla.Dist.Ct.App. 1988), one of two future lost profits cases analyzed by the Eleventh Circuit, the Court stated that: "While the amount of lost profits need only be established with reasonable certainty, a condition precedent to the *recovery* of such damages is proof, by competent evidence, that the business had earned profits for a reasonable time before the occurrence of the wrong complained of." (Emphasis in original).  However, in Schmidt, as well as nearly all of the other cases cited in HGI, the decision to reject lost profits damages occurred after a trial in the case.  In the case relied upon by Defendants, Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc., 921 So.2d 43 (Fla. Dist. Ct. App. 2006), the court affirmed the trial court's order excluding expert testimony at trial on future lost profits as too speculative regarding investments in the company.  In all of these cases, plaintiffs were afforded the opportunity to complete discovery on the issue of lost profits.  At this point in this case, once the Rule 8 pleading deficiencies are remedied, Plaintiff has stated a claim for lost profits damages.  Whether that claim will survive similar arguments at the summary judgment stage is a matter for a future date.

### III.  CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Defendants' Motion to Dismiss Pursuant to Rule 8 and Rule 12(b)(6) [DE 2] is hereby **GRANTED in part** as to Rule 8 and **DENIED** as to Rule 12(b)(6);

2. Plaintiff shall file an Amended Complaint that complies with this Order by August 3, 2007;

3. Failure to file an Amended Complaint by August 3, 2007 shall result in the closing of this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of July, 2007.

JAMES I. COHN
United States District Judge

Copies furnished to:
Morrie I. Levine, Esq.
Franklin Zemel, Esq./Jason Gordon, Esq.