UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60763-CIV-COHN

HOLLYWOOD EAST ARTFUL DESIGNS, INC.
and STEVE WATERFORD,

Magistrate Judge Snow

    Plaintiffs,

vs.

EDWARD GUTENTAG and CRASHCAM
INDUSTRIES CORPORATION,

    Defendants.
_____/

**ORDER DENYING MOTION TO DISMISS AMENDED COMPLAINT**
**ORDER RESETTING PRETRIAL DEADLINES**

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss Count I of Amended Complaint [DE 25], Motion to Abate Responding to Counts II-IV [DE 26], and unopposed Motion for Enlargement of Deadlines [DE 44].  The Court has carefully considered the motion, response, and reply thereto, and is otherwise fully advised in the premises.

I.  BACKGROUND

Plaintiffs Hollywood East Arftul Designs, Inc., and its President, Steve Waterford (collectively, "Plaintiffs"), filed this action against Crashcam Industries Corporation and its President, Edward Gutentag (collectively, "Defendants") for breach of an oral contract (Count I), defamation/slander (Count II), defamation/libel (Count III), and tortious interference with business relationships (Count IV).  The action was filed in state court and Defendants removed the case to this Court on diversity grounds.  Because the initial Complaint contained  329 numbered paragraphs over 29 pages (including dozens

of repeated paragraphs), the Court granted Defendants' Motion to Dismiss pursuant to Rule 8 of the Federal Rules of Civil Procedure. The Court allowed Plaintiffs to amend the Complaint. The Amended Complaint contained the same claims, this time encompassing 147 paragraphs over 18 pages. Defendants have moved to dismiss Count I and abate their responses to Counts II-IV until resolution of the oral contract claim in Count I.

## II.  DISCUSSION

Defendants move to dismiss Count I of the Amended Complaint for failure to state a claim for existence of an oral contract pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In its prior Order, the Court described the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127 S.Ct. 1955 (2007), which alters the Rule 12(b)(6) standard to one wherein a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." 127 S. Ct. at 1965. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

In its prior ruling, the Court did address Defendants' assertion that Plaintiff's claim for lost profits damages must fail because Plaintiffs failed to plead that they had the capacity to manufacture the invention at issue, and the lack of a quantity figure in the alleged oral contract. Though the Court agreed with Defendants' legal arguments, all of the cases cited by Defendants afforded plaintiffs an opportunity to complete discovery on the issue of lost profits. Thus, the Court concluded that once the Rule 8 pleading deficiencies were remedied, Plaintiff has stated a claim for lost profits damages.

Contrary to Plaintiffs' opposition to the present motion, the Court did not address the issue now raised by Defendants regarding the viability of the oral contract claim.[1] Defendants argue in the present motion that the claim in the Amended Complaint does not state definite price, quantity or duration terms in the alleged oral contract for Plaintiffs to custom design, manufacture and sell to Defendants a "Crash Zone" specialized housing attachment for a Remora camera housing. Plaintiff does allege that Defendants agreed to 1) commission Plaintiffs to custom design Crash Zone (¶ 12 of Am. Compl.), 2) purchase a Remora for use in Plaintiffs' development of Crash Zone (Id., ¶ 14), 3) purchase additional Crash Zone units once successfully manufactured (Id., ¶ 15), 4) finance the venture with a minimum of $30,000 to $50,000 (Id., ¶ 16, 20), and 5) market the Crash Zone at Defendants' cost (Id., ¶ 17-18). If the contract is terminable at-will, Defendants assert that the Amended Complaint itself states that

---

[1] The Court merely summarized Defendants' argument that the failure to allege the ability to manufacture and the lack of a quantity turn doomed the claim.

Defendants failed to provide any additional funds beyond the $5,000 initial payment, thus effectively terminating the contract and ending any entitlement to damages, even if a contract and breach can be proven.  Id., ¶ 32.  Defendants also raise the Statute of Frauds as a reason for dismissal.

"In order to state a cause of action for breach of an oral contract, a plaintiff is required to allege facts, if taken as true, demonstrate that the parties mutually assented to 'a certain and definite proposition' and left no essential terms open."  Rubenstein v. Primedica Healthcare, Inc., 755 So.2d 746, 748 (Fla. Dist. Ct. App. 2000); Smith v. Locklear, 906 So.2d 1273, 1274 (Fla. Dist. Ct. App. 2005); W.R. Townsend Contracting, Inc. v. Jensen Civil Construction, Inc., 728 So.2d 297 (Fla. Dist. Ct. App. 1999).  Additionally, "[u]nder the statute of frauds, any agreement that is not performed within the space of one year from its making must be reduced to writing in order to be enforceable."  Rubenstein, 755 So.2d at 748; Sanz v. R.T. Aerospace Corp., 650 So.2d 1057, 1060 (Fla. Dist. Ct. App. 1995).

Defendants assert that the alleged oral contract lacks price and quantity terms for the Crash Zone camera housings.  As to price, Plaintiff asserts that the allegation of providing $30,000 to $50,000 provides sufficient price information.  Although the context of this allegation in the Amended Complaint appears to be in regard to financing the design and manufacturing process, rather than a price per unit of Crash Zone, the Court concludes that for purposes of a motion to dismiss, this amount of money could suffice for the initial Crash Zone development.

As to quantity, such a term is essential to a contract for the sale of goods.  Fla.

4

Stat. § 672.201(1); Office Pavilion South Florida, Inc. v. Asal Products, Inc., 849 So.2d 367, 371 (Fla. Dist. Ct. App. 2003). Plaintiff does not directly respond to the quantity argument. The allegations in the Amended Complaint do not address the number of units to be purchases. However, in response to Defendant's Statute of Frauds argument regarding the lack of a writing, Plaintiffs argue that for "specially manufactured" goods under Fla. Stat. § 672.201(3), where "a substantial beginning of their manufacture" occurs prior to repudiation by the buyer, then a writing is not required.

In reply, Defendants note that Fla. Stat. § 672.201(3) only applies to contracts which are valid in all other respects. Hence, the lack of quantity and price terms remain barriers to the existence of a valid contract, even for specially manufactured goods. Defendants also argue that Plaintiffs never alleged that they were "stuck" with specially manufactured goods, in that no goods were ever manufactured.

The Court concludes that the cases Defendant relies upon do not mandate dismissal of this action at the pleading stage. Plaintiffs have alleged the bare minimum of an oral contract, raising the right to relief above a speculative level. The Court is not deciding that a valid oral contract exists, nor that future lost profits exists -- rather, the Court is merely allowing this lawsuit to proceed to discovery by denying the Rule 12(b)(6) motion. Defendants are free to raise contract formation issues again at the summary judgment stage.

## III. CONCLUSION

As to Defendants' Motion to Abate, Plaintiff argues that this tactic is a mere delaying tactic. Defendants did not respond to Counts II-IV of the Amended Complaint, but rather moved to abate its response to these claims pending this Court's consideration of its Motion to Dismiss Count I. Without agreeing with Plaintiff as to any bad faith motive of Defendants, the Court denies the Motion to Abate, and directs Defendant to now answer all counts in the Amended Complaint. The Court has reviewed Counts II (Slander), III (Libel), and IV (tortious interference) and concludes that they each state a claim under the motion to dismiss standard described above.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Defendants' Motion to Dismiss Count I of Amended Complaint [DE 25] is hereby **DENIED**;

2. Defendants' Motion to Abate Responding to Counts II-IV [DE 26] is hereby **DENIED**;

3. Defendants shall file an Answer to the Amended Complaint by January 7, 2008;

4. Defendants' Unopposed Motion for Enlargement of Deadlines [DE 44] is hereby **GRANTED**;

5. The following pretrial deadlines shall apply to this case:

| | |
|---|---|
| Joinder of Parties and Amendment of Pleadings | January 22, 2008 |
| Expert Report Exchange (Local Rule 16.1.K) | February 15, 2008 |
| Fact Discovery Cutoff | March 7, 2008 |
| Expert Discovery Cutoff | March 17, 2008 |

| | |
|---|---|
| Dispositive Pretrial Motions | March 28, 2008 |
| Mediation Completion | April 25, 2008 |
| Motions in Limine | May 15, 2008 |
| Joint Pretrial Stipulation and Deposition Designations for Use at Trial | May 23, 2008 |
| Responses to Motions in Limine | May 27, 2008 |
| Voir Dire Questions, Objections to Deposition Designations and Counter-Designations | Calendar Call |

6. The trial in this case is reset to the two-week period commencing June 2, 2008, with the Calendar Call reset for 1:30pm on Thursday, May 29, 2008.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of December, 2007.

JAMES I. COHN
United States District Judge

Copies furnished to:
Morrie I. Levine, Esq.
Franklin Zemel, Esq./Jason Gordon, Esq.