UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60763-CIV-COHN

HOLLYWOOD EAST ARTFUL DESIGNS, INC.
and STEVE WATERFORD,

Magistrate Judge Seltzer

    Plaintiffs,

vs.

EDWARD GUTENTAG and CRASHCAM
INDUSTRIES CORPORATION,

    Defendants.
_____/

## ORDER GRANTING MOTION TO STRIKE
## SUPPLEMENTAL INITIAL RULE 26 DISCLOSURES

THIS CAUSE is before the Court upon Defendants' Motion to Strike Rule 26 Supplemental Initial Disclosures [DE 54].  The Court has carefully considered the motion, Plaintiffs' Response thereto [DE 69], and Defendants' Reply [DE 70], and is otherwise fully advised in the premises.

On March 17, 2008, Defendants moved to strike Plaintiffs' Expert Witnesses for failure to provide a proper expert report by the February 15, 2008 deadline.  On March 19, 2008, Plaintiffs withdrew the two expert witnesses challenged by Defendants.  The same day, Plaintiffs filed a "Supplemental Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1)" [DE 55-2].  This filing listed David Haylock and Larry Hargett as fact witnesses.

Defendants then filed the instant motion to strike.  Plaintiff opposes the motion, noting that these witnesses will be "fact rebuttal witnesses," giving "opinion testimonies by lay witnesses under Federal Rule of Evidence 701," and will be used to "rebut fact

and/or opinions proffered by Defendants' witnesses." Plaintiff's Response at ¶¶ 8-10. Plaintiffs assert that compliance with Rule 701 is possible because the knowledge that Messrs. Hargrett and Haylock will use was acquired through their experience as business owners in that field.

In reply, Defendants correctly point out that Plaintiffs have misunderstood the law with regard to expert witness disclosures. Rule 701 of the Federal Rules of Evidence limits opinion testimony by witnesses not testifying as an expert when such testimony is based upon scientific, technical or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701. This amendment was intended to distinguish between expert and lay <u>testimony</u>, and not between expert and lay witnesses, particularly where the same witness is providing both kinds of testimony. Advisory Committee Notes to 2000 Amendments to Rule 701; <u>Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co.</u>, Ltd., 320 F.3d 1213, 1222 (11th Cir. 2003).

The limited exception relied upon by Plaintiffs from the <u>Tampa Bay Shipbuilding</u> decision is intended to allow business owners who are parties to the lawsuit to testify about the valuation of their own business from their years of experience running that business. It was not intended to allow a witness not directly involved in the litigation to give opinions about matters specific to the subject matter of their business just because they own a similar business. Such an interpretation would eviscerate the scope of Rules 701, 702, and the expert disclosure requirements of the Federal Rules of Civil Procedure.

The Court concludes that witnesses Haylock and Hargrett's testimony appears to

be that of experts requiring production of a proper expert report.  Plaintiffs had the opportunity to produce such reports but either failed or declined to do so.  The Court does note that Defendants appear to be receptive to allowing Plaintiffs to still file an expert report as to David Haylock, since the issue of "camera housing rentals" is clearly part of this case.[1]  Thus, Plaintiffs may file a complete expert report by David Haylock which meets the requirements of Local Rule 16.1.K by April 22, 2008, if they wish to present David Haylock as an expert witness (which the Court finds on the record before it that his testimony would be considered as expert testimony).

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Defendants' Motion to Strike Rule 26 Supplemental Initial Disclosures [DE 54] is hereby **GRANTED;**

2. Plaintiffs have leave to file a complete expert report by David Haylock which meets the requirements of Local Rule 16.1.K by April 22, 2008;

3. Defendants shall have leave to take an expert witness deposition within 30 days of production of the report.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of April, 2008.

JAMES I. COHN
United States District Judge

Copies furnished to:
Morrie I. Levine, Esq.
Franklin Zemel, Esq./Jason Gordon, Esq.

---

[1] As opposed to allowing Mr. Hargrett to testify about "polymers," which Defendants assert has not been an issue and they would suffer prejudice if such testimony is allowed at this late date in the pretrial process.

3